IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERNESTO C.C., | Civil No. 1:26-cv-03519-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, | A# 245-734-510 |
| Respondents. | |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Ernesto C.C.[1] petitions for a writ of habeas corpus under 28 U.S.C.

§ 2241.  He notes that after he entered the United States as a minor with his mother and

siblings in January 2024, he was detained by immigration authorities and subsequently

released on his own recognizance.  At that time, the government assessed that he was

neither a flight risk nor a danger to the community.  The record reveals no reason to

think otherwise today.  To this day, Petitioner has no criminal history.  And to this day,

there is no final order of removal against him.

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

In the years since his arrival in the United States, Petitioner has worked in construction to support his mother and siblings. But on April 1, 2026, while on his way to work—and without any notice, process, or explanation of why his circumstances might have changed—Petitioner was arrested by immigration authorities. He has been in immigration detention ever since. And just as the government gave him no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody. So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Many district judges, both in this district and others, have granted petitions just like this one. *See, e.g.*, *Kallebe C.F.L. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS (E.D. Cal. May 14, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above.  Dkt. No. 6.  The court thanks Respondents for their timely and candid response.  Dkt. No. 8.  In it, they maintain their position that Petitioner's arrest and detention was constitutional.  But they acknowledge that the matter is "not substantively distinguishable from the Court's prior precedent."  *Id.* at pg. 1.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders.  Respondents are ORDERED to immediately release Petitioner Ernesto C.C. (A# 245-734-510) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have

their counsel present.  This order does not address the circumstances in which

Respondents may detain Petitioner in the event Petitioner becomes subject to an

executable final order of removal, or in the event exigent or urgent circumstances arise

that justify arresting and detaining Petitioner before pre-deprivation process can be

provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  May 18, 2026, at Honolulu, Hawai‘i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-03519-MWJS; *Ernesto C.C. v. Warden of the Golden State Annex Detention Facility,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS